IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roderick English, a/k/a Ralph K. Tripp Anderson, #301507,<br><br>Plaintiff,<br><br>vs.<br><br>South Carolina Department of Corrections; U.S. Marshal Justice Marshal Blackmun; Head Director Brian Steriling; Classification Kathy Guause, Attorney General Donald Zulenka, and Shirley Little, in their individual capacities,<br><br>Defendants. | C/A No.: 1:19-246-JFA-SVH<br><br><br>REPORT AND RECOMMENDATION |

Roderick English ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983 alleging violation of his constitutional rights by South Carolina Department of Corrections, United States Marshal Justice Marshal Blackman, Head Director Brian Steriling, Classification Kathy Guause, Attorney General Donald Zulenka, and Shirley Little. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district

judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I. Factual and Procedural Background

Plaintiff alleges the South Carolina Department of Probation, Parole and Pardon Services admitted on May 17, 2018, that he was required to serve 85% of his sentence before he could be released. [ECF No. 1 at 5]. Plaintiff claims he had served 85% of his sentence by November 13, 2018, and should have been released. *Id.* Plaintiff seeks injunctive relief. *Id.* at 6.

II. Discussion

   A.  Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

3

Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Plaintiff's complaint seeks the correction of his max-out or release date. Although § 1983 provides access to a federal forum for claims of unconstitutional treatment at the hands of state officials, the United States Supreme Court has held that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1991); *see also Preiser v. Rodriguez*, 411 U.S. 475 (1973) (holding claims seeking immediate or speedier release are not cognizable under § 1983 and must be brought in a habeas corpus proceeding). Plaintiff's complaint is therefore subject to summary dismissal.[1]

---

[1] If Plaintiff wishes to challenge the duration of his confinement, he may obtain habeas forms from the Clerk of Court and file a separate action. Plaintiff is advised that a writ of habeas corpus under 28 U.S.C. § 2241 can only be sought after full exhaustion of his remedies in the courts of the State of South Carolina. *See Picard v. Connor*, 404 U.S. 270 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–491 (1973).

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court dismiss the complaint without issuance and service of process.

IT IS SO RECOMMENDED.

February 6, 2019                                                     Shiva V. Hodges
Columbia, South Carolina                                  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).