IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roderick English, a/k/a Ralph K. Tripp Anderson, #301507,<br><br>Plaintiff,<br><br>vs.<br><br>South Carolina Department of Corrections; U.S. Marshal Justice Marshal Blackmun; Head Director Brian Steriling; Classification Kathy Guause, Attorney General Donald Zulenka, and Shirley Little, in their individual capacities,<br><br>Defendants. | C/A No. 1:19-246-JFA-SVH<br><br><br>**ORDER** |

Plaintiff Roderick English ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights by South Carolina Department of Corrections, United States Marshal Justice Marshal Blackman, Head Director Brian Steriling, Classification Kathy Guause, Attorney General Donald Zulenka, and Shirley Little. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to a Magistrate Judge for review.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should dismiss the complaint in this case

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or

without prejudice and without issuance and service of process because habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983. (ECF No. 8). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on February 6, 2019.  (ECF No. 8). The Magistrate Judge required Plaintiff to file objections by February 20, 2019. *Id.* However, Plaintiff did not file any objections. In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court **adopts** the Report and Recommendation (ECF No. 8). Thus, Plaintiff's complaint is **dismissed** without prejudice and without issuance and service of process.

IT IS SO ORDERED.

March 6, 2019                                      Joseph F. Anderson, Jr.
Columbia, South Carolina                   United States District Judge

---

modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).